# EXHIBIT A
Complaint



NECHE, LLC v. ALLIED INSURANCE COMPANY et al.
2:19-cv-323

# EXHIBIT A
Complaint

RECEIVED MAY 13 2019 DIVISION OF INSURANCE STATE OF NEVADA

Electronically Filed
5/7/2019 2:44 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Michael N. Poli (Bar No. 005461)
mpoli@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
403 Hill Street
Reno, Nevada 89501
(775) 229-8021

Attorneys for Plaintiffs

CASE NO: A-19-794360-C
Department 1

# EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

NECHE, LLC, a Nevada Limited Liability Corporation,

    Plaintiff,

vs.

ALLIED INSURANCE COMPANY OF AMERICA, an Ohio corporation, NATIONWIDE MUTUAL INSURANCE COMPANY, an Illinois Corporation,

    Defendants.

Case No.

## COMPLAINT

Plaintiff Neche LLC, for its claims against Defendants Allied Insurance Company of America and Nationwide Mutual Insurance Company, hereby alleges as follows.

### JURISDICTION AND VENUE ALLEGATIONS

1. Plaintiff Neche, LLC is a Nevada Limited Liability Company.

2. Defendant Allied Insurance Company of America ("Allied") is an Ohio corporation engaged in the business of insurance in Clark County, Nevada.

3. Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Illinois Company.

4. Allied is a wholly owned subsidiary of Nationwide.

5. The Allied insurance policy that is the subject of this action was sold to Neche, LLC in Clark County, Nevada.

T2212455.DOCX:1

6. The Water Loss and Theft loss, which is the subject of the insurance claim made to Allied and/or Nationwide ("Allied/Nationwide"), occurred in Clark County, in the State of Nevada.

7. This Court has jurisdiction over the subject matter of this action and the parties to this action. The amount of damages sought by the Plaintiff exceeds the minimum jurisdictional amount established for filing in this Court. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

8. At all relevant times, Neche, LLC ("Neche") operated a restaurant/bar called "NECHE Restaurant & Ultra Lounge."

9. Gabrielle Capomaccio ("Gabrielle") was the only member of Neche, LLC.

10. Anthony Capomaccio ("Anthony") is married to Gabrielle.

11. NECHE Restaurant & Ultra Lounge leased space at 6605 Las Vegas Blvd South, Las Vegas, Nevada 89119.

12. Neche and its contents were insured by Allied, under policy number ACP BPFL 3007928511 (the "Policy").

13. Based on information and belief, Allied is a subsidiary or wholly owned affiliate of Nationwide.

14. Nationwide is liable for the actions or inactions by Allied.

15. On October 14, 2015, Anthony and Gabrielle Capomaccio executed a Business Loan and Security Agreement ("Neche Loan") on behalf of Neche, LLC and as personal guarantors.

16. On April 23, 2016, NECHE Restaurant & Ultra Lounge had its grand opening.

17. On April 29, 2016, Sonset, LLC and Ron Agresti filed a lawsuit against Neche, LLC, and other parties, related to the Neche Loan.

T2212455.DOCX;1

2

18. On or about August 15, 2016, Neche, LLC paid for Floyd Mayweather's DJ (J Bling) and the "Money Team" to perform on Sunday September 4th, 2016- Labor Day Weekend.

19. On or about August 21, 2016, NECHE Restaurant & Ultra Lounge performed a trial run with the "Money Team" and all the parties were satisfied.

20. On or about August 30, 2016, the Court granted Sonset, LLC's and Ron Agresti's Motion for Receivership.

21. On or about August 30, 2016, the Court appointed George E. Harris ("Receiver"), as full equity receiver of NECHE Restaurant & Ultra Lounge.

22. During the period while NECHE Restaurant & Ultra Lounge was being operated by the Receiver, the Receiver issued reports to the Court indicating NECHE Restaurant & Ultra Lounge was profitable and revenue continued to grow.

23. On or about March 15, 2017, the Receiver reported, "Gross revenues for the month of February 2017 were **$64,308.52** and total expenses of **$32,496.70**. This continues the steady month to month growth since the appointment of the Receiver in August 2016."

24. On or about May 3, 2017, Neche, LLC reassumed control and operation of NECHE Restaurant & Ultra Lounge.

25. On or about May 3, 2017, the owner discovered the removal of Audio/Video Equipment, Point of Sale and Computer Equipment, and Miscellaneous items including cash and inventory, as well as water damage on the VIP Lounge floor (the "Loss").

26. On or about May 3, 2017, Neche, LLC timely notified Allied/Nationwide of the Loss (the "Claim").

27. Allied/Nationwide adjusted the Claim and managed the claims adjusting activities at issue in this matter.

T2212455.DOCX:1

3

28. At all times, Neche, LLC complied with all the terms of the policy.

29. At all times, the member(s) of Neche, LLC complied with all the terms of the Policy.

30. Michael Fahey was appointed by Allied/Nationwide to adjust the Claim.

31. On or about January 25, 2018, Neche submitted a proof of loss for $1,675 in water damage to the floor and $37,758.22 in personal property, contents and business personal property.

32. The $37,758.22 was supported by receipts; however, the total loss exceeded $80,000.

33. With no cooperation from Allied/Nationwide, Neche engaged the Public Adjusting firm Brown-O'Haver.

34. On or about August 30, 2018, Gabrielle Capomaccio presented for an Examination Under Oath.

35. On or about August 30, 2018, Anthony Capomaccio presented for an Examination Under Oath.

36. Since the August 30, 2018 Examinations Under Oaths, Neche LLC's counsel requested an update on the status of the Claim, but Allied/Nationwide did not respond to these requests.

37. Allied/Nationwide has not paid any monies regarding the Loss on the Claim.

38. Because of Allied/Nationwide's failure to pay the Claim, Neche, LLC closed, resulting in extra-contractual damages.

## COUNT ONE

### (Breach of Contract; Breach of Implied Duty of Good Faith and Fair Dealing)

39. The foregoing allegations are hereby incorporated by reference.

40. Allied/Nationwide agreed to provide property insurance coverage for Neche, LLC and for NECHE Restaurant & Ultra Lounge.

T2212455.DOCX:1

4

41. Allied/Nationwide was paid premiums in exchange for its indemnity obligations to Neche, LLC.

42. The Policy, like all contracts in the State of Nevada, contains an implied covenant of good faith and fair dealing.

43. Neche, LLC fulfilled its obligations under the Policy.

44. Allied/Nationwide failed to perform its obligations pursuant to the Policy and, alternatively, Allied/Nationwide is subject to a waiver and/or estoppel.

45. By wrongfully failing to process the Claim in good faith and pay the Claim, Allied/Nationwide breached the Policy, including, without limitation, the implied covenant of good faith and fair dealing in that Policy, thereby depriving Neche, LLC of the benefits it was to have received under the Policy.

46. Allied/Nationwide failed to handle Neche, LLC's Claim in a reasonable manner and it has failed to make payments owed under the Policy.

47. As a direct and proximate result of Allied/Nationwide's breach of contract and breach of the implied covenant of good faith and fair dealing, Neche, LLC sustained reasonably foreseeable damages, and continues to sustain such damages, in an amount to be proven at trial.

48. Neche, LLC is entitled to an award of attorneys' fees.

WHEREFORE, on this claim, Neche, LLC requests judgment against Allied/Nationwide as follows:

A. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B. For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the sum of $10,000.00;

C. For pre- and post-judgment interest;

D. For taxable costs; and

E. For such other relief as the Court deems just and proper.

T2212455.DOCX;1

## COUNT TWO

### (Tortious Bad Faith Claims Handling)

49. The foregoing allegations are hereby incorporated by reference.

50. Under Nevada, law, insurance policies are subject to additional protection for the insured, because the insured pays premiums in advance, without ever knowing if they will need the insurance, and in return, they receive (and rely upon) a promise that if they ever need the insurance, they will be dealt with fairly and in good faith.

51. An insurer in Nevada acts in bad faith when it fails to promptly and properly process a claim, and when it refuses without proper cause to compensate the insured for a loss covered under the policy of insurance. Such conduct gives rise to a breach of the implied duty of good faith and fair dealing in the insurance policy and is actionable as a tort.

52. Consistent with Nevada law, Allied/Nationwide owed and continues to owe Neche, LLC a duty of good faith and fair dealing.

53. In this case, Allied/Nationwide denied Neche, LLC the benefits of its Policy without a reasonable basis for doing so, and without conducting a reasonable investigation, and Allied and/or Nationwide either knew or recklessly disregarded the lack of a reasonable basis for its denial of benefits under the Policy.

54. Pursuant to the terms of the Policy, Allied and/or Nationwide is obligated to pay Neche, LLC for the covered losses associated with and arising from the Water Loss and Theft.

55. Without a reasonable justification for doing so, Allied and/or Nationwide failed to make all proper payments to Neche, LLC for the full amount due under the Policy for the losses sustained as a result of the Water Loss and Theft.

56. Allied breached its contractual obligations to Neche, LLC and Allied/Nationwide refused to perform its duty to cooperate with Neche, LLC to, *inter alia*, adjust and negotiate the insurance claim fairly and in good faith.

T2212455.DOCX:1

6

57. As described herein, Allied/Nationwide breached its contractual and quasi-fiduciary obligations to Neche, LLC.

58. Upon information and belief, Allied/Nationwide's conduct has been self-serving and a ploy to protect Allied/Nationwide's own financial interests, at the expense of Neche, LLC's rights.

59. Upon information and belief, Allied/Nationwide consciously pursued a course of conduct knowing it created a substantial risk of significant harm to others. Furthermore, Allied/Nationwide acted to serve its own economic interests, rather than the interests of Neche, LLC. Moreover, in its actions in this matter, Allied/Nationwide is guilty of oppression, fraud, or malice, express or implied. Thus, Neche, LLC is entitled to an appropriate award of punitive damages.

60. As a result of Allied/Nationwide's unjustified failure to pay for the Loss, Neche, LLC suffered significant consequential damages, including but not limited to losses arising from items that should have been paid for or covered by the Policy, economic losses arising from Allied/Nationwide's bad faith claims handling, the loss of Neche's valuable leasehold interest, emotional distress, and the cost of hiring a Public Adjuster and attorney.

WHEREFORE, on this claim, Neche, LLC requests judgment against Allied, as follows:

A.  For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

B.  For punitive or exemplary damages in a just and reasonable amount;

C.  For attorneys' fees and costs, and in the event of a default judgment, for attorneys' fees in the sum of $10,000.00;

D.  For pre- and post-judgment interest;

E.  For taxable costs; and

F.  For such other relief as the Court deems just and proper.

T2212455 DOCX;1

7

DATED this 7th day of May, 2019.

                         MERLIN LAW GROUP, P.A.

                         By /s/ *Michael N. Poli*
                             Michael N. Poli
                             403 Hill Street
                             Reno, Nevada 89501
                             Attorneys for Plaintiff

T2212455.DOCX;1

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, **COMPLAINT**, filed in this case number:

■   Document does not contain the social security number of any person.

- OR -

☐   Document contains the social security number of a person as required by:

☐   A specific state or federal law, to wit:

_____
(State specific state or federal law)

- or -

☐   For the administration of a public program.

- or -

☐   For an application for a federal or state grant.

- or -

☐   Confidential Family Court Information Sheet (NRS 125.130, NRS 125.230, NRS 125B.255).

DATED this 7th day of May, 2019.

MERLIN LAW GROUP, P.A.

By /s/ Michael N. Poli
Michael N. Poli
403 Hill Street
Reno, Nevada 89501
Attorneys for Plaintiffs

T2212455.DOCX;1

9