**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| NECHE, LLC, a Nevada Limited Liability Corporation, | |
| Plaintiff, | 2:19-cv-01016-APG-VCF |
| vs. | **ORDER** |
| ALLIED INSURANCE COMPANY OF AMERICA, *et al*, | Plaintiff's Motion for Leave to Amend Complaint [ECF No. 42] |
| Defendant. | |

Before the Court is plaintiff Neche, LLC's motion for leave to amend the complaint. The Court grants the motion.

**I.    Background**

The prior scheduling order sets the deadline to amend pleadings or add parties on December 26, 2019. (ECF No. 38). The parties recently filed a stipulation to extend the dates in the scheduling order (ECF No. 43), but the parties did not include the deadline to amend pleadings, which had already passed. Plaintiff Neche filed its motion for leave to amend on January 2, 2020, a week late.

Plaintiff wishes to add a precise amount of damages based on discovery, revise the named defendants based on the parties' stipulation, and add a new cause of action under the "Nevada Unfair Claims Settling Act," which it contends "arise out of the same transactions and occurrences from which Plaintiff's original Complaint and claims arose." (ECF No. 42). Defendant argues it will be prejudiced and amendment is futile in its opposition because plaintiff could have included this cause of action in its original complaint. (ECF No. 50).

**II.     Discussion**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).  The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

The parties stipulated to amend the scheduling order and the Court granted the amendment. (ECF No. 45). Discovery now ends on May 25, 2020. (*Id.* at 3). The parties did not agree to extend the amended pleading deadline, but cite to the "holiday season" as the reason for both the good cause and excusable neglect standard for not seeking the discovery extension at least 21 days before the first deadline the parties sought to extend. (*Id.* at 4).

| | |
|---|---|
| 1 | Plaintiff has not previously sought leave to amend the complaint. The Court notes that the |
| 2 | amended pleading deadline was on December 26, 2019 and plaintiff filed its motion for leave to amend |
| 3 | on January 2, 2020. The week delay was reasonable under the circumstances given that the timing |
| 4 | substantially complied with the scheduling order and the week spans the Christmas, Hanukkah, and New |
| 5 | Year's holidays. The parties both cited to the holiday season as the reason for their delay in seeking an |
| 6 | amendment to the scheduling order. The Court finds that plaintiff was diligent in filing the motion. The |
| 7 | Court also finds that there is no evidence that plaintiff's proposed amendment is made in bad faith or for |
| 8 | the purpose of undue delay because the parties have already agreed to extend discovery and adding the |
| 9 | new claim relates back to the transactions and occurrences in the original complaint. (ECF No. 42 at 1). |
| 10 | The Court finds that defendants will not be prejudiced because discovery is ongoing and does not end |
| 11 | for several months. Plaintiff's new claim is closely related to its claims for breach of contract and breach |
| 12 | of implied duty of good faith and fair dealing. The Court finds that the defendants' futility arguments |
| 13 | would be better addressed through a motion to dismiss or for summary judgment, given the new claim's |
| 14 | similarity to plaintiff's original claims. |

Accordingly,

IT IS ORDERED that plaintiff Neche, LLC's motion for leave to amend its complaint (ECF No. 42) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Friday, February 28, 2020 to file its amended complaint.

IT IS SO ORDERED.

DATED this 21st day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE