1 | ROBERT W. FREEMAN
Nevada Bar No. 3062
2 | Robert.Freeman@lewisbrisbois.com
PRISCILLA L. O'BRIANT
3 | Nevada Bar No. 010171
Priscilla.OBriant@lewisbrisbois.com
4 | JENNIFER A. TAYLOR
Nevada Bar No. 006141
5 | Jennifer.A.Taylor@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6 | 6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
7 | 702.893.3383
FAX: 702.893.3789
8 | *Attorneys for Defendants Allied Insurance*
*Company of America and Nationwide Mutual*
9 | *Insurance Company*

10

UNITED STATES DISTRICT COURT

11

DISTRICT OF NEVADA, SOUTHERN DIVISION

12

13

| | |
|---|---|
| NECHE, LLC, a Nevada Limited Liability Corporation, | CASE NO. 2:19-cv-01016-APG-VCF |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| ALLIED INSURANCE COMPANY OF AMERICA, an Ohio Corporation; NATIONWIDE MUTUAL INSURANCE COMPANY, an Illinois Corporation, | |
| Defendants. | |

21     In order to protect the confidentiality of certain information obtained by the parties herein,

22 Plaintiff NECHE, LLC ("Plaintiff") and Defendants Allied Insurance Company of America

23 ("Allied") and Nationwide Mutual Insurance Company ("Nationwide") (collectively

24 "Defendants"), hereby enter the following Stipulated Confidentiality Agreement and Protective

25 Order ("Protective Order"):

26     1.     This Stipulated Confidentiality Agreement and Protective Order ("Protective

27 Order") shall govern the use and treatment of information, documents, testimony or other tangible

28 things produced in this action by any party hereto, as well as discovery and document production



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4131-8352.3

1   from third parties, in the above-referenced action.  The nature of this Protective Order is to protect

2   Defendants respective member and business interests in its own intellectual property, information,

3   and processes.  The insurance, banking, and investment industries are highly competitive markets,

4   and disclosure of Defendants' trade secrets, confidential or proprietary information could cause

5   irreparable and significant harm to the Defendants and its members.  This Protective Order is

6   intended to prevent this foreseeable harm and any related unforeseeable harm.

7          2.      As used in this Protective Order, the terms "Party" or "Parties" shall include the

8   Plaintiff and the Defendants, and each of their employees, agents, representatives, and attorneys

9   (including both outside counsel and inside counsel).

10         3.      As used in this Protective Order, the term "Person(s)" shall include any "Party" or

11  non-party to this action, whether an individual, corporation, partnership, company, unincorporated

12  association, governmental agency, or other business or governmental entity.

13         4.      As used in this Protective Order, the term "Confidential Material" or "Confidential

14  Document" shall refer to any and all documents or other materials produced in response to

15  Requests for Production of Documents as well as any confidential or proprietary documents, data,

16  or any information or documents provided in response to other written discovery requests,

17  interrogatory answers or deposition testimony, that contains:  (1) information which any party or

18  non-party believes in good faith to be a trade secret, proprietary information or confidential

19  research, development, commercial, or other proprietary business information within the meaning

20  of Fed. R. Civ. P. 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential,

21  proprietary, personal, or commercially sensitive information.  Such Confidential Material may be

22  contained in any written, printed, recorded, or graphic matter of any kind and shall retain its

23  confidential designation regardless of the medium on which it is produced, reproduced, or stored.

24  Confidential Material includes all documents or information derived from Confidential Material,

25  including excerpts, copies or summaries of Confidential Material.  Any party or non-party may

26  designate as Confidential Material (including interrogatory answers) any information or document

27  or other items with a watermark or legend as indicated in paragraphs 8 or 9 below.

28         5.      As used in this Protective Order, the term "Discovering Party" shall mean the Party

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  who has requested the production of documents, information, testimony or other material

2  designated as Confidential Material under this Protective Order.

3       6.     As used in this Protective Order, the term "Producing Party" shall mean the Party

4  who has produced documents designated as Confidential Material under this Protective Order.

5       7.     It is the purpose of this Protective Order that Defendants will be provided

6  reasonable assurance that:

7       (a)    The documents produced by the Defendants, whether jointly or

8  individually, will be used solely and exclusively for the purpose of this specific litigation only and

9  for no other purpose;

10      (b)    The documents produce by the Defendants, whether jointly or individually,

11  will not be used for commercial purposes, including but without limitation, any business,

12  competitive or educational purpose;

13      (c)    The documents produced by the Defendants, whether jointly or

14  individually, will not be used for any non-litigation purposes; and

15      (d)    Such information shall not be disclosed or disseminated to any person,

16  organization, business, governmental body or administrative agency unless ordered by the Court.

17      Defendants are relying on this Protective Order, and would not have produced the

18  documents and information otherwise.  Defendants' production under this Protective Order does

19  not admit or concede the documents or information are relevant or admissible in this litigation.

20      8.     Any party or non-party may designate information contained in a document as

21  Confidential Material, the designating party shall mark each page of the document with the word

22  "CONFIDENTIAL" and identify such Confidential Material at the time of production.

23  Confidential Information may be used in the course of depositions in accordance with this

24  Protective Order.  Where a document or response consists of more than one page, the first page

25  and each page on which Confidential Material appears shall be so designated.

26      9.     Defendants may designate any information, document, testimony or other tangible

27  thing disclosed during a deposition, in response to written discovery, or otherwise in connection

28  with this litigation as Confidential Material by so indicating in said response, or on the record at



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 the deposition and requesting the preparation of a separate transcript of such material.  Documents

2 may be designated Confidential Material by affixing the legend "CONFIDENTIAL" to each item

3 or document page.  Deposition testimony and/or exhibits may be designated Confidential Material

4 either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or

5 exhibit is confidential; or (b) stating in writing served upon counsel of record within thirty (30)

6 days after receipt of the deposition transcript and exhibits that such deposition, or portion thereof,

7 or exhibit is confidential.  Transcripts and exhibits from any deposition or hearing shall be

8 temporarily designated as Confidential Material and be treated as subject to the terms of this

9 Protective Order, until counsel for Defendants notifies all other parties of the pages of the

10 transcripts or exhibits which shall remain designated as Confidential Material.  If no designation is

11 made within thirty (30) days, the entire transcript and all exhibits will be deemed not confidential.

12 Any other party may object to such proposal, in writing or on the record.  Upon such objection, the

13 parties shall follow the procedures described in paragraph 10 below.  After any designation made

14 according to the procedure set forth in this paragraph, the designated documents or information

15 shall be treated according to the Confidential designation until the matter is resolved according to

16 the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for

17 making all previously unmarked copies of the designated material in their possession or control

18 with the specified designation.

19        10.     Except with the prior written consent of other parties, or upon prior order of this

20 Court obtained upon notice to opposing counsel, Confidential Material may only be copied,

21 disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation only

22 by the following persons and shall not be disclosed to any person other than:

23       (a)     counsel of record for the respective parties to this litigation, in-house

24 counsel and co-counsel retained for this litigation;

25       (b)     personnel who are directly employed or contracted by the attorneys in (a)

26 above or their respective firms and who are assisting the attorneys working on this action;

27       (c)     any officer or employee of a party, to the extent deemed necessary by

28 Counsel for the prosecution or defense of this litigation;


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    (d)    consultants or expert witnesses retained for the prosecution or defense of

2    this litigation, provided that each such person is provided with a copy of this Protective Order and

3    shall agree in writing to be bound thereto by executing a copy of the Acknowledgement annexed

4    to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the

5    Confidential Material and made available for inspection by opposing counsel during the pendency

6    or after the termination of the action only upon good cause shown and upon order of the Court)

7    before being shown or given any Confidential Material;

8    (e)    any authors or recipients of the Confidential Material;

9    (f)    any person who is expected to testify as a witness either at a deposition or

10   court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any

11   other person to whom the dissemination of the document is deemed necessary by any party in

12   preparation for trial (other than persons described in paragraph 4(e)).  A witness shall be provided

13   with a copy of this Protective Order to review and shall sign the Acknowledgement annexed

14   hereto before being shown or given access to Confidential Material.  Confidential Material may be

15   disclosed to a witness who will not sign the Acknowledgement only in a deposition at which the

16   party who designated the Confidential Material is represented or has been given notice that

17   Confidential Material shall be designated "Confidential" pursuant to paragraph 2 above.

18   Witnesses shown Confidential Material shall not be allowed to retain copies in any form;

19   (g)    Court personnel, including court reporters engaged in such proceedings as

20   are necessarily incidental to the preparation or trial of this lawsuit;

21   (h)    any mediator or arbitrator selected with the consent of all parties or by the

22   Court.

23   11.    Any persons receiving Confidential Material shall not reveal or discuss such

24   information to or with any person who is not entitled to receive such information, except as set

25   forth herein.

26   12.    Any designating party may elect to designate certain Confidential Material of a

27   highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL-ATTORNEYS

28   EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   paragraphs 8 and 9 above.  Attorney's Eyes Only Material, and the information contained therein,

2   may be disclosed to only those persons described in subparagraphs 10(a), (d), and (g)-(h) above,

3   and shall not be disclosed to a party, or to an officer, director or employee of a party, unless

4   otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to

5   this paragraph, all other provisions in this order with respect to confidentiality shall also apply.  If

6   a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," the

7   objecting party may follow the procedure set forth in paragraph 16 herein to remove such

8   designation.

9           13.     Prior to filing any document identified as Confidential Material, the party that

10  intends to file with the Court pleadings or other papers containing or referring to Confidential

11  Material shall notify the designating party at least ten (10) days prior to filing the designated

12  document.   The designating party will then make a good faith determination whether the

13  document(s) meet the standard for sealing as set forth in the Ninth Circuit's directives in

14  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  To the extent the

15  designating party does not believe the relevant standard for sealing can be met, it shall indicate

16  that the document may be filed publicly no later than seven (7) days after receiving notice of the

17  intended filing. To the extent the designating party believes the relevant standard for sealing can

18  be met, it shall provide a declaration supporting that assertion no later than seven (7) days after

19  receiving notice of the intended filing.  The filing party shall take all reasonable steps to file

20  documents as "Confidential" under seal and attach the declaration of the designating party to its

21  motion to seal the designated material.  If the designating party fails to provide such a declaration in

22  support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court

23  may order the document filed in the public record.

24          In the event of an emergency motion, the above procedures shall not apply. Instead, the

25  movant shall file a motion to seal and the designating party shall file a declaration in support of

26  that motion to seal within three (3) days of its filing. If the designating party fails to timely file

27  such a declaration, the Court may order the document filed in the public record.

28          14.     Any party filing Confidential Material or motions to seal shall comply with this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4131-8352.3                                          6

Protective Order and LR 10-5.

15.     A party may designate as Confidential Material documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.    Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Material, although a document may lose its protected status if it is made public.

16.     If any Party disagrees with the designation of materials marked "Confidential" or "Highly Confidential-Attorneys Eyes Only", the objecting party shall within fifteen (15) days of receipt of the materials, provide written notice of the disagreement to the Defendants, requesting a meeting to confer with counsel for Defendants to resolve the dispute over the designation.  If the dispute over the designation is not resolved informally between the parties, Defendants will file a motion with the Court to resolve the dispute regarding the "Confidential" or "Highly Confidential-Attorneys Eyes Only" designation.  Defendants will have 30 days from the date in which the parties meet and confer regarding the dispute over the designation, in which to file a motion with the court regarding the designation.  In any event, unless and until a Court ruling is obtained changing a designation, or the designating party agrees otherwise in writing, the material involved shall be treated according to the existing Confidential Material designation.

17.     Notwithstanding any challenge to the designation of material as Confidential Material, all documents shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party claims that the material is Confidential Material withdraws such designation in writing; or

(b)     the party or non-party who claims that the material is Confidential Material fails to apply to the Court for an order designating the material confidential within the time period specified in paragraph 10 after receipt of a written challenge to such designation; or

(c)     the Court rules the material is not confidential.

18.     This Protective Order survives the end of the above-styled litigation.    All

1    provisions of this Protective Order restricting the communication or use of Confidential Material

2    shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

3    Upon final settlement or conclusion of this action, a party in the possession of Confidential

4    Material, other than that which is contained in pleadings, correspondence, and deposition

5    transcripts (with the exception of exhibits therein), shall either:

6          (a)    return such documents no later than thirty (30) days after the final

7    settlement or termination of this action to counsel for the party or non-party who provided such

8    information, or

9          (b)    destroy such documents within the time period upon consent of the

10   producing party and certify in writing within thirty (30) days that the documents have been

11   destroyed.

12       The party in possession of Confidential Material shall return or destroy all Confidential

13   Material as specified above, including all copies, notes, tapes, papers and any other medium

14   containing, summarizing, excerpting, or otherwise embodying any Confidential Material.  The

15   party shall be entitled to destroy, rather than return (a) any Confidential Material stored in or by

16   data processing equipment, and (b) work-product memoranda embodying Confidential Material,

17   subject to privilege under State Bar rules, and confirm in writing to the producing party its

18   compliance with this section.

19       19.    The Confidential Material shall not be published or reproduced in any manner on

20   the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media

21   available publicly or privately.  Likewise, persons may not verbally share the Confidential

22   Material to any persons or entities not listed in subsections 10(a)-(h).

23       20.    The parties agree to limit dissemination of any Confidential Material as set forth in

24   this Protective Order and are materially relying on the representations and covenants contained

25   herein.

26       21.    In the event that Confidential Material is inadvertently produced without

27   designating such documents or information as "Confidential" or "Highly Confidential-Attorneys

28   Eyes Only" within the time periods established in this Protective Order, any party or nonparty

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  shall properly designate such documents or information as "Confidential" or "Highly

2  Confidential-Attorneys Eyes Only," and the parties shall be bound by such designations pursuant

3  to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective

4  Order by reason of any use or disclosure of such Confidential Material that occurred prior to

5  notification of the correct designation.  Inadvertent production of such documents or information

6  in this case without designation as "Confidential" or "Highly Confidential–Attorneys Eyes Only"

7  shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality of such

8  documents or information, either as to the specific information disclosed or as to any other

9  information relating to the subject matter of the information disclosed.

10        22.      Confidential Material designated by Defendants shall be used only for the purposes

11  of prosecuting or defending this action.  Under no circumstances shall information or materials

12  covered by this Protective Order be disclosed to or discussed with anyone other than the

13  individuals designated in paragraph 10.

14        23.      The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use

15  of documents at trial.

16        24.      Nothing herein shall be deemed to waive any applicable privilege or work-product

17  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

18  protected by privilege or work product protection.

19        25.      If any party receives a subpoena from a nonparty to this Protective Order seeking

20  production or other disclosure of Confidential Material, it shall refuse to produce any Confidential

21  Material under the authority of this Protective Order and shall immediately give written notice to

22  counsel for the designating party, identifying the Confidential Material sought and enclosing a

23  copy of the subpoena.

24        26.      Any witness or other person, firm or entity from which discovery is sought may be

25  informed of and may obtain the protection of this Order by written advice to the parties; respective

26  counsel or by oral advice at the time of any deposition or similar proceeding.

27        27.      The parties stipulate that this Court shall retain jurisdiction over them and any

28  person to whom Confidential Material is disclosed to the extent necessary to enforce the terms of


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  this Protective Order. Any party, including attorneys of record, and outside consultants and

2  experts retained in this action, who violates this Order, including but not limited to unauthorized

3  disclosure of Confidential Material or Confidential Documents, is subject to sanctions, including

4  but not limited to, dismissal of claims or defenses, civil contempt, damages, assessment of

5  reasonable expenses, including attorneys' fees incurred by the person whose Confidential Material

6  was disclosed in violation of this Order, and/or any other sanction deemed appropriate by the

7  Court.  Disclosure of confidential material in violation of this order will also entitle a party to

8  recover all damages proximately flowing from the violation, including attorneys' fees expended in

9  the enforcement of this order.  Upon an alleged violation of this Protective Order, the Court on its

10  own motion or on the motion of any party may grant relief as it deems appropriate in law or

11  equity.

12       28.     Should any provision of this Stipulation be struck or held invalid by a court of

13  competent jurisdiction, all remaining provisions shall remain in full force and effect.

14       29.     The documents and information at issue do not involve the public health and safety,

15  a public entity, or issues important to the general public.

16       30.     The terms of this Protective Order are subject to modification, extension or

17  limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court.

18  Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed

19  effective pending approval by the Court.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

31.     No modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties.

Dated this 9th day of November, 2020

**MERLIN LAW GROUP, P.A.**

*/s/ Michael N. Poli*

Michael N. Poli, Esq.
Nevada Bar No. 005461
403 Hill Street
Reno, NV 89501
*Attorney for Plaintiff*
*NECHE, LLC,*

Dated this 9th day of November, 2020

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Jennifer A. Taylor*

Robert W. Freeman
Nevada Bar No. 3062
Priscilla L. O'Briant
Nevada Bar No. 10171
Jennifer A. Taylor, Esq.
Nevada Bar No. 006141
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*
*Allied Insurance Company of America*
*and Nationwide Mutual Insurance*
*Company*

**ORDER**

**IT IS SO ORDERED.**

Dated this 19th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4818-4131-8352.3

12

**EXHIBIT A**

**ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO
COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER**

I, _____, have reviewed carefully the Stipulated Confidentiality Agreement And Protective Order ("Protective Order") concerning the treatment of confidential or proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature ("Confidential Material") executed by the parties in the above-captioned case, and its significance has been explained to me by counsel.  I agree to be bound by the terms of the Protective Order, and to treat as confidential and not to disclose Confidential Material to any person who is not authorized to receive that information under the Protected Order.  I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
SIGNATURE

_____
PRINTED NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER

4818-4131-8352.3

13

**Archived:** Monday, November 9, 2020 3:39:46 PM
**From:** Linda Gundelach
**Sent:** Monday, November 9, 2020 3:21:46 PM
**To:** Cordell, Anne; Mike Poli; Lawrence Moon
**Cc:** Taylor, Jennifer; O'Briant, Priscilla; Freeman, Robert; Freeman, Kristen
**Subject:** [EXT] RE: Neche v. Allied - 2:19-cv-1016-LRH-CBC - Stipulated Confidentiality Agreement and Protective Order
**Sensitivity:** Normal

---



Ms. Cordell:

Please be advised that Mike Poli has approved the Stipulated Confidentiality Agreement and Protective Order.  You may e-sign for Mike and file.

Please let us know if you have any questions.

Thank you,

Linda Gundelach



**Linda Gundelach**

Paralegal

**P :** 602-857-8185  |  **F :** 602-857-7333

**E :** lgundelach@pmzlaw .com

**A :** 2999 N. 44th St., Ste 325, Phoenix, AZ 85018

 

---

**From:** Cordell, Anne <Anne.Cordell@lewisbrisbois.com>
**Sent:** Thursday, November 5, 2020 10:39 AM
**To:** Mike Poli <mpoli@pmzlaw.com>
**Cc:** Linda Gundelach <lgundelach@pmzlaw.com>; Taylor, Jennifer <Jennifer.A.Taylor@lewisbrisbois.com>; O'Briant, Priscilla <Priscilla.Obriant@lewisbrisbois.com>; Freeman, Robert <Robert.Freeman@lewisbrisbois.com>; Freeman, Kristen <Kristen.Freeman@lewisbrisbois.com>
**Subject:** Neche v. Allied - 2:19-cv-1016-LRH-CBC - Stipulated Confidentiality Agreement and Protective Order

Mr. Poli,
    Attached for your review, please find the Stipulated Confidentiality Agreement and Protective Order.
Please provide your approval for filing, together with the use of your e-signature to said document.
Thank you.



Anne Cordell, Assistant to
Priscilla L. O'Briant, Esq.
Jennifer A. Taylor, Esq.
Tara U. Teegarden, Esq.
Anne.cordell@lewisbrisbois.com
T:  702.693.4324  F:  702.893.3789
6385 S. Rainbow Blvd., Ste. 600, Las Vegas, NV 89118  |  LewisBrisbois.com

Representing clients from coast to coast. View our nationwide locations.

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.